UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

In Re:  Charles W. Smith, and
      Harriet L. Smith,                                   Bankruptcy Case No. 14-50760
                                                                            Chapter 7

      Debtors.

---

David W. Claypool and
Donna L. Claypool,                                   Adv. Proceeding No.: 15-05003

      Plaintiffs,

v.

Charles W. Smith, and Harriet L. Smith,

      Defendants.

---

### CHARLES W. SMITH AND HARRIET L. SMITH'S ANSWER

---

TO:    David W. Claypool and Donna L. Claypool, through their attorney of record, Edward R. Shaw, 722 South Sixth Street, Brainerd, MN 56401; TRUSTEE, U.S. TRUSTEE AND OTHER PARTIES IN INTEREST

Defendants, by and through their attorneys, answer Plaintiffs' complaint for non-dischargeability of a debt as follows:

**I.**

Unless otherwise admitted or explained in this answer, Defendants deny each and every allegation made in the complaint.

**II.**

For Defendants answers to the numbered sections of the Complaint

1

1. Without admitting any liability thereunder, admit that Plaintiffs are seeking to have the debt owed to them be deemed non-dischargeable.

2. Admit that Defendants filed a petition for relief under chapter 7 of the bankruptcy code on October 14, 2014.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Deny.

8. Admit.

9. Deny.

10. Admit only that Defendants never told Plaintiffs that the property could not be legally accessed by the driveway. Are without knowledge or information sufficient to form a belief as to the truth of the averment regarding whether the driveway reasonably appeared to Plaintiffs "to be the proper and legal access to the property", and as such, deny and leave Plaintiffs to their strict proof thereof.

11. Deny.

12. Deny.

13. Deny.

14. Are without knowledge or information sufficient to form a belief as to the truth of the averments, and as such, deny and leave Plaintiffs to their strict proof thereof.

15. Admit.

16. Deny.

17. Deny.

18. Admit only that Plaintiffs were the listing realtors for the sale to Plaintiffs.

19. Admit only that the house and garage were originally shown to Plaintiffs when they were at least 80% completed.

20. Is without knowledge or information sufficient to form a belief as to the truth of the averment, and as such, deny and leave Plaintiffs to their strict proof thereof. Further aver that Plaintiffs have subsequently been granted access via a permanent easement by necessity granted by a December 20, 2013 order in the Minnesota State Court Matter 18-CV-12-3678.

21. Deny.

22. Admit that on January 17, 2012, pursuant to a mediated settlement agreement, judgment in the amount of $250,000.00 was docketed in favor of Plaintiffs against Defendants in Minnesota District Court, County of Crow Wing, Court File No. 18-CV-11-1339.

23. Is without knowledge or information sufficient to form a belief as to the truth of the averment, and as such, deny and leave Plaintiffs to their strict proof thereof.

24. Deny.

### III.

For its defenses and other explanations, Defendants allege as follows:

A. Plaintiffs have failed to state a claim upon which relief can be granted.

B. Plaintiffs claims are barred by the doctrines of Collateral Estoppel and/or Res Judicata based on state Court findings in the Minnesota State Court Matter 18-CV-12-3678 that (1) "at the time [Defendants] conveyed easements over Lot 20 and Lot 21, [Defendants] believed that the easements would or could be utilized by anyone in the Association, and that the association would be for the benefit of the neighborhood," and (2) "at the time [Defendants] sold the property

3

to [Plaintiffs], [Defendants] believed that they had the legal right to use the driveway on the north side of the properties on their block and that the property belonged to the Association."

    C.    The January 17, 2012, judgment in the amount of $250,000.00 that was docketed in favor of Plaintiffs against Defendants in Minnesota District Court, County of Crow Wing, Court File No. 18-CV-11-1339 pursuant to a mediated settlement agreement represented compensation for alleged damages arising out of a lack of legal access to the property that was purchased by Defendants.  Since Plaintiffs have subsequently been granted access via a permanent easement by necessity granted by a December 20, 2013 order in the Minnesota State Court Matter 18-CV-12-3678, Plaintiffs no longer have any alleged damages arising out of legal access to the property, and as such, Plaintiff's claims should be barred on equitable grounds as the judgment was in essence satisfied by the granting of an easement by necessity.

    **WHEREFORE,** Defendants pray that the complaint be dismissed with prejudice, that they recover their costs, disbursements, and attorney's fees, and that they be awarded such other relief as the court deems equitable.

Respectfully submitted,

Dated:  February 18, 2015                      s/Peter J. Raukar
                                                               Peter J. Raukar #0342968
                                                               Attorneys for Defendants
                                                               Johnson, Killen & Seiler, P.A.
                                                                230 West Superior Street, Suite 800
                                                               Duluth, MN 55802
                                                               Telephone:  (218) 722-6331
                                                               Fax:  (218) 722-3031
                                                               Email:  praukar@duluthlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In Re | ) | |
| | ) | |
| Charles W. Smith and Harriet L. Smith, | ) ) ) | BKY 14-50760 Chapter 7 |
|         Debtors. | ) | |
| _____ | ) ) | |
| David W. Claypool and Donna J. Claypool, | ) ) | |
|         Plaintiff, | ) | |
| vs. | ) ) | Adv. No.: 15-05003 |
| Charles W. Smith and Harriet L. Smith, | ) | |
|         Defendant. | | |

_____

## **CERTICATE OF SERVICE BY MAIL**
_____

     I, Donna J. Carlson, being first duly sworn, on oath, depose and state that on February 18th, 2015, I served a true and correct copy of the attached **ANSWER AND PROPOSED ORDER,** upon the person(s) listed below by depositing the same in the United States Mail at Duluth, Minnesota.

Office of the United States Trustee
Ustpregion12.mn.ecf@usdoj.gov

J. Richard Stermer, Chapter 7 Trustee
rstermer@stermerlaw.com, mn21@ecfcbis.com

Edward Randolph Shaw on behalf of Plaintiff David W Claypool
lawyer@edshawlaw.com, andrew@edshawlaw.com;marcia@edshawlaw.com

Edward Randolph Shaw on behalf of Plaintiff Donna L Claypool
lawyer@edshawlaw.com, andrew@edshawlaw.com;marcia@edshawlaw.com

Charles and Harriet Smith
P.O. Box 535
Cross Lake, MN 56442

David and Donna Claypool
12150 Pinedale Street
Cross Lake, MN 56442

                      s/Donna J. Carlson
                      Donna J. Carlson